UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MASHAL SULTANI,
    Petitioner,

v.                                  Case No. 8:23-cv-83-KKM-AEP

WARDEN, SARASOTA
COUNTY JAIL,
    Respondent.
_____

## ORDER

Mashal Sultani, a pre-trial detainee in the Sarasota County Jail, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) Upon consideration, the Court dismisses the petition without prejudice.

## I. INTRODUCTION

Because Sultani is a pre-trial detainee, her petition is properly filed under § 2241. *See, e.g.*, *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a pre-trial detainee in state court should file a § 2241 petition, not a § 2254 petition). Under § 2241(c)(3), a district court may grant a writ of habeas corpus when a person is in custody in violation of the Constitution or laws or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

## II. SULTANI'S PETITION

Sultani contends that she is actually innocent, that she was "set up" and "framed," and that the state trial court has engaged in criminal and fraudulent activity to make her appear incompetent to proceed. (Doc. 1, pp. 2, 6, 7.) She alleges that she was falsely charged because she "spoke the truth about influential satanists." (*Id.*, p. 2.) She also contends that her trial attorney is a satanist who is conspiring against her and has disregarded evidence of her innocence and that doctors who have evaluated her for competency are satanists who want to murder her. (*Id.*, pp. 2, 7-8.)

Further, Sultani contends that the police falsely alleged she engaged in stalking and threatening behaviors, and that the probable cause affidavit is "filled with falsehoods and twisted words." (*Id.*, pp. 6, 7.) She alleges that the staff and inmates at the jail are harassing her and that her life is in danger because the "staff/inmates are satanists who are instigating scenarios to try to make [her] appear mentally incompetent." (*Id.*, p. 2.) Sultani also alleges that jail employees have prevented her from making grievances. (*Id.*, pp. 2, 8.)

Sultani states that her § 2241 petition challenges "false" allegations and charges, as well as all decisions by the state trial court. (*Id.*, p. 11.) She alleges that the state trial court has violated her rights to due process, self-representation, and a public and speedy trial. (*Id.*, p. 7.) She seeks her release from custody, an exoneration, a "federal/worldwide"

investigation of "the global satanic network that has conspired against [her] to murder [her]," and filing of charges against other persons. (*Id.*, p. 8.)

## III. ANALYSIS

Sultani does not show entitlement to relief. First, Sultani does not assert that she has exhausted state court remedies, as she must to proceed under § 2241. *See Johnson v. Florida*, 32 F.4th 1092, 1095 (11th Cir. 2022) ("It is by now well-settled that district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'" (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985))); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (stating that the exhaustion requirement "applies to all habeas corpus actions").

Furthermore, Sultani fails to show that this Court's intervention in her ongoing state court criminal case is warranted. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (referring to the abstention doctrine that the Supreme Court articulated in *Younger v. Harris*, 401 U.S. 37 (1971)). Except in "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495,

1503 (11th Cir. 1983); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

*Younger* identified those "extraordinary circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6. Sultani does not allege facts to support a finding under any of the above three exceptions. Her claims that the state court and her attorney are conspiring against her are insufficient to demonstrate that the state proceeding is motivated by bad faith for purposes of *Younger*. *See, e.g.*, *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (stating that, under *Younger*, a petitioner must raise a substantial allegation showing actual bad faith and noting that a bad faith prosecution is one brought with no intention of obtaining a conviction or with an intention to harass). Accordingly, Sultani does not show entitlement to habeas relief.

Finally, to the extent Sultani challenges the conditions of her confinement or asserts that jail staff members have violated her federal rights, her claims may properly be raised in an action under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating that "constitutional claims that . . . challenge the conditions of a prisoner's confinement . . . fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance"); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.

4

2006) (explaining that habeas actions and civil rights actions are mutually exclusive, and "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action"); *Evans v. St. Lucie Cnty. Jail*, 448 F. App'x 971, 973 (11th Cir. 2011) (stating that a prisoner may challenge conditions of confinement under § 1983).

IV. **CERTIFICATE OF APPEALABILITY**

Sultani is not entitled to a certificate of appealability (COA) because she does not show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues she seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Sultani is not entitled to a COA, she is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Sultani's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**. The **CLERK** is directed to enter judgment against Sultani and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 17, 2023.

*[signature]*
Kathryn Kimball Mizelle
United States District Judge